UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:15-cv-00131

**Robbie Newby,**
*Petitioner,*

v.

**United States of America,**
*Respondent.*

# ORDER

Petitioner Robbie Newby, a federal prisoner confined at Federal Correctional Institute Oakdale proceeding pro se, filed this motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. The case was referred to a magistrate judge.

Petitioner is in federal custody pursuant to a conviction for the offense of sexual exploitation of children, in violation of 18 U.S.C. § 2251(a) and (e). In 2014, after entering a guilty plea, he was sentenced to 360 months'—or thirty years'—imprisonment. Petitioner filed this motion to vacate in 2015. Doc. 1. On January 24, 2018, United States District Judge Ron Clark dismissed the motion with prejudice and denied petitioner a certificate of appealability sua sponte. Doc. 38. Petitioner filed an appeal, which the Fifth Circuit dismissed for want of prosecution in 2019. Doc. 43.

Some years later, in December 2025, petitioner filed this motion to reopen his case (Doc. 47)—alleging that Judge Clark erroneously struck his motion for relief from final judgment (Doc. 40) without considering his attached exhibits and that the court should now consider them in support of his § 2255 motion. Doc. 47.

On January 7, 2025, the magistrate judge issued a report and recommendation that the motion to reopen be construed as a second or successive § 2255 petition and denied. Doc. 51 at 6.

Alternatively, the magistrate judge found that the motion should be construed as a motion for relief from final judgment, and as such should also be denied. *Id*. Petitioner filed timely objections. Doc. 52.

When timely objections to a magistrate judge's report and recommendation are filed, the court reviews them de novo. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996). Conclusory or general objections need not be considered by the district court. *See Gonzalez v. Collier*, No. 2:22-cv-00195, 2023 WL 5473699, at *1 & n.2 (S.D. Tex. Aug. 24, 2023) (quoting *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.")).

Petitioner contends that his filing is a "motion to reopen" under Rule 60(b)(6) "seeking the consideration of evidence he attached and submitted" in support of his § 2255 motion—which was struck by the court. Doc. 52 at 2. According to petitioner, this evidence comprises letters sent to him while in jail from the victim in his criminal case. *Id*. at 5. Petitioner contends that the content of the letters demonstrates his innocence.

He further asserts that his motion does not challenge the outcome of his § 2255 motion; rather, the motion attacks the integrity of the proceeding because it "asks to have his physical evidence, submitted in the previous action, disclosed and weighed fairly against the § 2255." *Id*. at 2. Finally, petitioner claims that the magistrate judge's analysis of his motion under Rule 60(b) was incorrect, arguing again that his guilty plea was involuntary. *Id*. at 5. Petitioner's objections are overruled.

The motion to reopen petitioner's § 2255 proceeding, which was closed in 2018, is indeed a second or successive habeas petition. *See United States v. Bell*, 369 F. App'x 610, 611 (5th Cir. 2010) (unpublished) ("The district court also did not err in declining to reopen Bell's original 28 U.S.C. § 2255 proceeding

under Fed. R. Civ. P. 60(b)(6) to allow him to litigate his claim . . . . A Rule 60(b) motion filed in a collateral proceeding should be construed as a successive § 2255 motion, even where the motion seeks to raise a claim based on a change in the law."); *United States v. Williams*, 841 F. App'x 745, 746 (5th Cir. 2021) (per curiam) (unpublished) ("Furthermore, because Williams's Rule 60(b) motion sought substantive relief on the basis of claims unsuccessfully raised in prior § 2255 motions, the district court properly construed it as an unauthorized successive § 2255 motion.").

The Fifth Circuit defines a "second or successive" petition as one that "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Rivers v. Lumpkin*, 99 F.4th 216, 220 (5th Cir. 2024). A second petition is considered "successive" when it challenges or attacks the same conviction that the petitioner previously challenged in his first petition. *See Hardemon v. Quarterman*, 516 F.3d 272, 275–76 (5th Cir. 2008).

Here, petitioner's § 2255 proceeding has been fully adjudicated. Petitioner now requests that his case be reopened so the court may review the letters that were previously struck. That necessarily constitutes a challenge to his underlying conviction. The motion is therefore a successive petition. *See*, *e.g.*, *Isby v. Cain*, No. 24-60003, 2024 WL 4005793, at *1 (5th Cir. Aug. 30, 2024) (per curiam) (unpublished) ("Isby is again challenging the validity of the same state court judgment that he challenged in his initial § 2254 application."); *Wyatt v. Biden*, No. 3:23-cv-01799, 2023 WL 8007124, at *2 (N.D. Tex. Sept. 26, 2023) ("If it essentially represents a second attack on the same conviction raised in a earlier petition, a petition is successive.").

Petitioner insists that he is not challenging his conviction through this motion. This argument is unavailing—as petitioner admits he "presented the letters in support of his claim of factual innocence of the charge to which he entered an agreement on and

was convicted of." Doc. 47 at 3 (cleaned up). The letters serve to advance his claim of innocence—thereby constituting a successive petition. *See United States v. Hernandes*, 708 F.3d 680, 681–82 (5th Cir. 2013) (explaining the distinction between Rule 60(b) motions that "advance one or more claims" and those that "attack . . . some defect in the integrity of the federal habeas proceedings" and finding that "[t]he former should be construed as successive habeas petitions" (cleaned up)); *Rivers*, 99 F.4th at 222 (highlighting that "filings introduced after a final judgment that raise habeas claims, no matter how titled, are deemed successive").

Here, the motion—in which petitioner seeks review of letters or evidence that purportedly show his innocence—constitutes a second or successive petition and this court has no jurisdiction to entertain it. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); 28 U.S.C. 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Having reviewed the magistrate judge's report de novo, the court accepts its findings and recommendation. Petitioner's objections are overruled. The motion to reopen (Doc. 47), construed as a successive petition, is dismissed without prejudice for lack of jurisdiction. Petitioner is also denied a certificate of appealability sua sponte as to this matter. Any pending motions are denied as moot.

*So ordered by the court on August 1, 2025.*

J. CAMPBELL BARKER
United States District Judge